IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY E. JAMES,

        Plaintiff,                      14cv1317
                                              **ELECTRONICALLY FILED**

        v.

HUD, ALLEGHENY COUNTY HOUSING
AUTHORITY,

        Defendants.

## MEMORANDUM ORDER OF COURT RE: DEFENDANT HUD'S MOTION TO DISMISS (DOC. NO. 19)

### I. Introduction

This case centers on alleged discrimination based upon race and disability in violation of the Americans with Disability Act ("ADA") and the Fair Housing Act of 1968. *Pro se* Plaintiff advances various causes of action against Housing and Urban Development ("HUD") and Allegheny County Housing Authority ("Allegheny County"). Doc. Nos. 2, 3, 11, 16. Allegheny County has filed an Answer to Plaintiff's Amended Complaint, which contains twenty-five affirmative defenses. Doc. No. 12.[1]

Presently before this Court is a Motion to Dismiss filed by HUD, pursuant to Federal Rule of Civil Procedure 12(b)(1) and, in the alternative, Rule 12(b)(6). Doc. No. 19. In response to the Motion to Dismiss, Plaintiff filed a document entitled "Addendum to 2nd Amended Complaint," which consists of: (1) a one-page typed document relating Plaintiff's allegations that

---

[1] On November 24, 2014, Defendant Allegheny County filed a Motion to Dismiss for Failure to State a Claim, an accompanying Proposed Order, and a Brief in support of its Motion. Doc. Nos. 9, 10. The Court denied this Motion to Dismiss as moot on December 5, 2014, because Plaintiff filed a Second Amended Complaint. Doc. No. 11. The Court set forth that Defendants "shall answer or otherwise respond on or before December 29, 2014." 12/05/2014 Text Order. On December 29, 2014, Allegheny County filed an Answer. Doc. No. 12. Although this document contains a "request" that the Court dismiss Plaintiff's claims against Allegheny County, it is not in the form of a motion and is construed to be an answer to Plaintiff's claims. Id.

he was unjustly banned from his apartment complex; (2) pages of a document dated January 12, 2015 (previously filed as Third Amended Complaint at Doc. No. 16), which has handwritten circles around certain paragraphs and the word "righ[t]s" written above the body of the text; (3) a two-page typed document dated January 26, 2015, which contains "additional information" in support of the Amended Complaint; (4) a one-page typed document with hand-written notations (previously filed as Doc. No. 11, pg. 3); and (5) a copy of the first page of Plaintiff's Complaint dated December 1, 2014, which includes a handwritten notation that "[t]his is everything facts that happened to me in Wilmerding Hi-Rise fo[u]r and a half year[s]" (previously filed Doc. No. 1, pg. 1). Doc. No. 24. Based upon these documents and the liberal standard provided to *pro se* litigants, the Court finds that Plaintiff wholly opposes HUD's Motion to Dismiss. The Court ordered that any Reply be filed by February 19, 2015, at Noon. 02/05/2015 Text Order. None has been filed. Therefore, this Motion is ripe for disposition.

**II. Standard of Review**

The Court will first examine HUD's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and the applicable standard of review.

A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges this Court's "very power to hear the case." *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (Lancaster, J.) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Hous. & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995). In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

When, as in this case, a Defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, this Court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *See U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

III. Statement of Facts

The operative document at this junction is Plaintiff's Second Amended Complaint. Doc. No. 11.[2]

Plaintiff was a resident of an apartment in Wilmerding, Pennsylvania from 2007 to 2014. Id. at pg. 1. Plaintiff's rent is subsidized through federal governmental organizations. Id. In March of 2011, Plaintiff applied to the building manager for a handicap unit within the apartment. Id. Plaintiff provided three relevant prescriptions from his physician. Id. A Caucasian woman was placed into one of the available handicap units. Another one of the units

---

[2] Plaintiff initiated this lawsuit with the filing on a Motion for Leave to Proceed *in forma pauperis* on September 26, 2014. Doc. No. 1. A handwritten two page document entitled "Complaint Jury Demand" was attached to Plaintiff's Motion. Doc. No. 1-1. This document did not contain any factual averments. Id. The same document was filed as a separate complaint on September 29, 2014, and the Court ordered Plaintiff to file an Amended Complaint setting forth the "how, when, and where" of his claims on or before October 10, 2014. Doc. No. 2. Plaintiff filed an Amended Complaint on October 8, 2014. Doc. No. 3. This document did not contain any factual averments. Id. Allegheny County filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on November 24, 2014. Doc. No. 9. The Court ordered Plaintiff to respond on or before December 5, 2014. 11/25/2014 Text Order. On December 2, 2014, the Court received a five page typewritten document, in which Plaintiff set forth his causes of action and factual averments. Doc. No. 11. The Court denied Allegheny County's Motion to Dismiss as moot based upon this filing. 12/05/2014 Text Order. Allegheny County filed an Answer and Affirmative Defenses to the Amended Complaint. Doc. No. 12. On January 13, 2015, the Court received a document from Plaintiff, which took the form of a letter and elaborated on his allegations. Doc. No. 16. The Court ordered that this document be deemed to be characterized as an attachment to Plaintiff's Second Amended Complaint. 01/14/2015 Text Order.

was occupied by a Caucasian woman who has cerebral palsy, but does not use a walker, cane, or wheelchair. Id.

Plaintiff's request for a handicap apartment was denied by the Human Relations Commission because Plaintiff was not seen with a wheelchair, walker, or cane. Id. Plaintiff was not informed of this decision for nine months. Id. Plaintiff filed a complaint against the Housing Authority based upon this denial. Doc. No. 16, pg. 1. During 2012 and 2013, four handicap units were given to senior citizens and others. In 2014, Plaintiff was offered a handicap unit, which was the same unit for which he had originally applied in 2011. Doc. No. 11, pg. 1.

Plaintiff has had other difficulties with apartment management including:

- an incident related to lost keys in November 2013, during which Plaintiff was locked out of his apartment;
- Plaintiff's inability to obtain a key for a handicap entry door to the building;
- management's attempts to have Plaintiff overpay for his unit ($246 compared to $565 plus lighting bill);
- unsanitary conditions in the building because of a cat that had bedbugs, fleas, and ticks;
- a Human Relations' employee's impediments to Plaintiff's ability to perform his duties as elected president of the apartment and the employee's retaliatory refusal to replace a four foot tall refrigerator or complete maintenance calls;
- Plaintiff's inability to return to the apartment complex (after he had changed residences) to enter the apartment of his deceased friend because he was banned from the property;
- falsification of documents submitted to Human Relations in an attempt to make Plaintiff lose his housing; and
- failure to enforce law and order at the apartment complex

Doc. No. 11, pgs. 2-4.

Plaintiff's Complaint is based upon violation of his civil rights and the Americans with Disability Act. Doc. No. 11. Specifically, Plaintiff sets forth the following enumerated causes of action:

- Civil Right[s] Act;
- discrimination based upon race;
- harassment;

- refusal to make reasonable accommodations;
- age discrimination;
- discrimination in housing based upon disability;
- defamation of character;
- retaliation;
- mental abuse; and
- slander

Doc. No. 11, pg. 1. Plaintiff appears to seek damages for pain and suffering and punitive damages, in the amount of $10 million against each Defendant. Doc. No. 11, pg. 1, Doc. No. 16, pg. 1.

## IV. Discussion

HUD moves this Court to dismiss claims against it under the ADA and FHA because of sovereign immunity. Doc. No. 20, pgs. 5-7.

As HUD notes, the United States and its agencies are immune for suit unless there is an unequivocally expressed statutory waiver or express consent. Doc. No. 20, 5 citing *Hercules Inc. v. United States*, 516 U.S. 417, 422 (1996). Plaintiff's claims pursuant to the ADA must be dismissed because sovereign immunity has not been waived with regard to ADA claims nor has jurisdiction been consented to by HUD. *See Venter v. Potter*, 435 F.App'x 92, 95 n.1 (3d Cir. 2011) (" . . . the entire federal government is excluded from the coverage of the ADA."). Similarly, the FHA does not contain an "unequivocal" statutory waiver and therefore, the Court does not have subject matter to review Plaintiff's claims under the FHA. *Turner v. Sec. of U.S. Dep't of Housing and Urban Dev.*, 449 F.3d 536, 539-40, n. 5 (3d Cir. 2006) citing *Godwin v. Sec. of Hous. and Urban Dev.*, 356 F.3d 310, 312 (D.C. Cir. 2004).

Therefore, Plaintiff's claims against HUD pursuant to both the ADA and FHA must be dismissed with prejudice because of lack of subject matter jurisdiction. Any claims that may be construed as sounding in negligence against HUD also must be dismissed because Plaintiff has

not pled that he has exhausted his claims through administrative process as required by the Federal Tort Claims Act. 28 U.S.C. § 2401(b).

As such, the Court need not reach the second ground for HUD's Motion to Dismiss, failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's claims will be dismissed with prejudice because any further amendment of Plaintiff's pleading would not cure the jurisdictional deficit. *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F. 3d 837 (3d Cir. 2014).

## V. Conclusion/Order

For the foregoing reasons, the following Order is entered:

AND NOW, this 23rd day of February, 2015, IT IS HEREBY ORDERED THAT:

1. Defendant HUD's Motion to Dismiss (Doc. No. 19) is **GRANTED**;
2. Plaintiff's claims against Defendant HUD are **DISMISSED WITH PREJUDICE**;
3. Defendant HUD is terminated as a party in this case; and
4. The case will proceed only as to claims against Defendant Allegheny County Housing Authority.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Mr. Anthony James
209 Coldwell Ave Apt. A
Wilmerding, PA 15148